Jiang v. Sessions

BIA
Bukszpan, IJ
A077 994 189

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of May, two thousand eighteen.

PRESENT:
 ROBERT D. SACK,
 DEBRA ANN LIVINGSTON,
 CHRISTOPHER F. DRONEY,
  *Circuit Judges.*

_____

DIAN BIAO JIANG, AKA LONG DINH HOANG,
  *Petitioner,*

 v.                              16-3804
                                 NAC

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
  *Respondent.*

_____

FOR PETITIONER: Gary J. Yerman, Esq., New York, NY.

FOR RESPONDENT: Chad A. Readler, Acting Assistant Attorney General; Justin Markel, Senior Litigation Counsel; Nancy E.

Friedman, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Dian Biao Jiang, a native and citizen of the People's Republic of China, seeks review of an October 18, 2016 decision of the BIA affirming an April 27, 2015 decision of an Immigration Judge ("IJ") denying Jiang's motion to reopen. *In re Dian Biao Jiang,* No. A077 994 189 (B.I.A. Oct. 18, 2016), *aff'g* No. A077 994 189 (Immig. Ct. N.Y. City Apr. 27, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

In his motion to reopen, Jiang asserted that he had converted to Christianity in the United States and that conditions for Christians had worsened in China excusing the untimely filing of his motion and demonstrating his prima facie eligibility for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). It is undisputed that Jiang's 2015 motion to reopen was untimely filed 12 years after his 2003 removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.23(b)(1). However, the time limitation for filing a motion to reopen does not apply if reopening is sought to apply for asylum and the motion "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.23(b)(4)(i). The agency did not err in finding that Jiang failed to demonstrate such conditions.

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the agency] compare[s] the evidence of country conditions submitted with the motion to

3

those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). As the agency found, reports of the U.S. Department of State demonstrate that the Chinese government has viewed unfavorably and mistreated unregistered Christian groups since before Jiang's 2003 proceedings. Jiang's evidence further demonstrates that the treatment of unregistered religious groups varies widely from region to region, and it does not reveal increased persecution of such groups in Jiang's home province. *See Jian Hui Shao*, 546 F.3d at 142, 149; *cf.* 8 C.F.R. § 1208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . .").

Accordingly, because the agency reasonably found that Jiang did not demonstrate a material change in conditions in China, it did not abuse its discretion in denying his motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

4

is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk